UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>   Plaintiff,<br><br>   v.<br><br>CHARLES YUAM, et al.,<br><br>   Defendants. | Case No. 20-cv-08542-SVK<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 22 |

Plaintiff Scott Johnson ("Plaintiff") filed the instant action against Defendants Charles Yuam and Lily Yuam ("Defendants"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51–53. Dkt. 1. Plaintiff contends that at the times relevant to Plaintiff's Complaint, Defendants owned the real property located at 313 Brokaw Road, Santa Clara, California, upon which the business Wig & Hair Piece Outlet is located. *Id.* ¶¶ 2-3. Plaintiff seeks injunctive relief, statutory damages, and attorneys' fees and costs. *Id.*

Although Plaintiff has consented to the jurisdiction of a magistrate judge (Dkt. 7), Defendants have not appeared in the action or consented. Now before the Court is Plaintiff's motion for default judgment. Dkt. 22. The Court deems the motion suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons that follow, the Court **DENIES** Plaintiff's motion for default judgment.

I.  **BACKGROUND**

According to the Complaint, Plaintiff is a level C-5 quadriplegic who uses a wheelchair for mobility and has a specially equipped van. Dkt. 1 ¶ 1; *see also* Dkt. 22-4 (Declaration of Plaintiff) ¶¶ 1-2. Plaintiff's Complaint alleges that he went to Wig & Hair Piece Outlet located at 313 Brokaw Rd, Santa Clara, California in September 2020. Dkt. 1 ¶ 8. Plaintiff alleges that during his visit, Defendants failed to provide wheelchair accessible parking in the parking lot and the entrance door hardware was a barrier. Dkt. 1 ¶¶ 10-18.

1    Defendants have failed to answer the Complaint or otherwise appear in this matter. At
2    Plaintiff's request, the Clerk of the Court entered Defendants' defaults on July 12, 2021. Dkt. 17,
3    18.
4    Plaintiff now moves for default judgment. Dkt. 22. Plaintiff filed a proof of service of the
5    motion on Defendants. Dkt. 24-1. Defendants did not file a response to the motion for default
6    judgment.

## II. LEGAL STANDARD

After entry of default, a court may, in its discretion, enter default judgment. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Before entering a default judgment, the Court must assess the adequacy of the service of process on the party against whom default is requested. *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013) (internal quotation marks and citation omitted). The Court must also determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defaulted defendant. *Id.* at 3-4. If the Court concludes that the defaulted defendant was properly served and that the Court has jurisdiction, the Court must next consider whether default judgment is appropriate, considering seven factors set forth by the Ninth Circuit: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). In considering these factors, the court takes all well-pleaded factual allegations in the complaint as true, except those concerning damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

## III. DISCUSSION

### A. Service of Process

As indicated above, "[i]n deciding whether to grant or deny default judgment, the Court must first assess the adequacy of the service of process on the party against whom default is

1  requested because, if service was improper, that may well explain the failure of a defendant to
2  appear in a lawsuit." *Folkmanis, Inc. v. Uptown Toys LLC*, No. 18-cv-00955-EMC, 2018 WL
3  4361140, at *2 (N.D. Cal. Sept. 13, 2018) (internal quotation marks and citation omitted).

4  Approximately two months after the Complaint was filed, Plaintiff filed an administrative
5  motion requesting an extension of time to complete service. Dkt. 8. In support of the
6  administrative motion, Plaintiff filed a declaration from his counsel stating that Plaintiff had made
7  multiple attempts to serve Defendants at the following addresses: 128 Beverly St, Mountain
8  View, CA 94043-5257; 313 Brokaw Road, Santa Clara, CA 95050-4335; and 1059 Reed Avenue
9  #88, Sunnyvale, CA 940856. Dkt. 8-1 ¶ 3; Dkt. 8-2.

10  After the Court extended Plaintiff's deadline to serve the summons and complaint, Plaintiff
11  filed proofs of service of the summons and complaint on each Defendant. Dkt. 10, 11. In his
12  motion for default judgment, Plaintiff states that service on Defendants was proper because
13  personal service was effectuated. Dkt. 22-1 at 4. Contrary to Plaintiff's assertion, the proofs of
14  service show that the process server attempted to personally serve each Defendant on several
15  occasions at various addresses but was unsuccessful. Dkt. 10 at PDF pp. 3-6; Dkt. 11 at PDF
16  pp. 3-6. According to the proofs of service, each Defendant was ultimately served with the
17  summons and complaint by substitute service on January 31, 2021, when the documents were left
18  with Kim Yuam, who is described as Defendants' adult daughter. Dkt. 10 at PDF p. 3; Dkt. 11 at
19  PDF p. 3.

20  Federal Rule of Civil Procedure Rule 4(e)(2)(B) permits service on an individual by
21  "leaving a copy of each at the individual's dwelling or usual place of abode with someone of
22  suitable age and discretion who resides there." Here, however, the proofs of service are unclear as
23  to where substitute service was actually made. The front page of each proof of service states that
24  service was made at 128 Beverly St, Mountain View, CA 94043-5257, and subsequently mailed to
25  the same address. Dkt. 10 at PDF p. 1; Dkt. 11 at PDF p.1. However, the Declaration of Due
26  Diligence attached to each proof of service indicates that substitute service was made on
27  January 31, 2021 at "Home -2011 Toledo Avenue Santa Clara, CA," after several unsuccessful
28  service attempts at that address. Dkt. 10 at PDF p. 3; Dkt. 11 at PDF p. 3.

3

1    Not only are the proofs of service contradictory in identifying where substitute service was made, Plaintiff does not cite any evidence in the record that Defendants resided at either the Mountain View or Santa Clara address at the time of service. Indeed, there is evidence that Plaintiff's process server was told on December 20, 2020 that Defendants do <u>not</u> reside at 128 Beverly St, Mountain View. Dkt. 8-2 at PDF p. 6 and 7 (stating that Ms. Chen, resident of 128 Beverly St, Mountain View, informed process server on December 20, 2020 that both Lily and Charles Yuam are "unknown and do[] not live or receive mail at this address"); Dkt. 10 at PDF p. 4; Dkt. 11 at PDF p. 4.

An additional problem with Plaintiff's motion for default judgment is that Plaintiff filed a certificate of service indicating that the motion was served on Defendants by mailing it to 128 Beverly St Mountain View, CA 94043. Dkt. 24-1. As discussed above, there is evidence that Defendants do not live at that address.

Accordingly, based on the record before the Court, the Court concludes that Plaintiff has failed to show that service of Defendants was proper.

## IV.   DISPOSITION

Because Plaintiff has failed to demonstrate that service on Defendants was adequate, the Court finds it unnecessary to consider the other factors regarding entry of a default judgment at this time. For the reasons discussed above, the Court **DENIES** Plaintiff's motion for default judgment. No later than **November 23, 2021**, Plaintiff must re-serve the summons and complaint on each Defendant and file new proofs of service, in which case Defendants' time to respond to the complaint will run from the new date of service.

**SO ORDERED.**

Dated: November 2, 2021

SUSAN VAN KEULEN
United States Magistrate Judge

4